a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD ABSHIRE, III,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-1181-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| MAILROOM RAYMOND<br>LABORDE CORRECTIONAL<br>CENTER, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Clifford Abshire, III (#439164) ("Abshire"). Abshire is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Abshire complains about the mailroom policies at RLCC and alleges that some Defendants have retaliated against him.

Because Abshire does not provide sufficient allegations regarding the factual basis or nature of his claim, he must AMEND the Complaint (ECF No. 1).

### I. Background

Abshire alleges that he attempted to mail out four letters in one day to the "NCI/NIH," the "Office of Civil Rights," the "Commission on Civil Rights," and the Louisiana Board of Ethics. ECF No. 1-2 at 1. Abshire states that Lt. Mitchell refused to mail the letters because they were "not identifiable as legal [mail]." ECF No. 1-2 at 1.

Abshire also concludes that he is being retaliated against by Assistant Warden Longino and Lt. Mitchell. ECF No. 1 at 4.

## II. Instructions to Amend

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a valid § 1983 claim for retaliation, a prisoner must allege: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Jones*, 188 F.3d at 325 (citations omitted). Abshire must amend his Complaint to provide factual allegations to support his claim of retaliation by both Defendants Longingo and Mitchell.

2

Abshire must also state whether he is pursuing a claim for the violation of his First Amendment rights. To support a First Amendment claim for the violation of the right to access the courts or communicate through mail, a prisoner must allege that his access to the courts has been affected or that his mail has been censored. *See Boydston v. Blankenship*, 3:14-CV-1482-M, 2014 WL 2980760, at *1 (N.D. Tex. June 11, 2014), *report and recommendation adopted*, 2014 WL 2980915 (N.D. Tex. July 2, 2014) (citing *Brewer v. Wilkerson*, 3 F.3d 816, 819 (5th Cir. 1993) (finding allegation that mail was opened and inspected outside inmate's presence did not state a cognizable claim without additional claim that such practice affected inmate's ability to transmit documents or allegation that mail had been censored)). Abshire must clarify the nature of his claim and amend his Complaint accordingly.

### III.  Conclusion

Because Abshire does not provide sufficient allegations regarding the factual basis or nature of his claim, IT IS ORDERED that Abshire AMEND his Complaint (ECF No. 1) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

Abshire is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on October 6, 2020.

                                                      _____
                                                     JOSEPH H.L. PEREZ-MONTES
                                                     UNITED STATES MAGISTRATE JUDGE