a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD C ABSHIRE III #439164, Plaintiff | CIVIL DOCKET NO. 1:20-CV-01181 SEC P |
| VERSUS | JUDGE JOSEPH |
| MAILROOM RAYMOND LABORDE CORRECTIONAL CENTER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Clifford Abshire III (#439164) ("Abshire"). Abshire is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Abshire complains about the mailroom policies at RLCC and alleges that he is experiencing retaliation.

Because Abshire fails to state a constitutional claim against Defendants, his Complaint and Amended Complaint (ECF Nos. 1, 6) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Abshire alleges that he attempted to mail out four letters in one day to the "NCI/NIH," the "Office of Civil Rights," the "Commission on Civil Rights," and the Louisiana Board of Ethics. ECF No. 1-2 at 1. Abshire states that Lt. Mitchell refused to mail them because they were "not identifiable as legal." ECF No. 1-2 at 1.

1

Abshire attached to his Complaint the mailroom return form from Lt. Mitchell. The form indicates that Lt. Mitchell mailed two of Abshire's letters that were identifiable as legal mail. ECF No. 1-2 at 6. However, Lt. Mitchell sent four envelopes back to Abshire. On the return form, Lt. Mitchell asks what NCI/NIH stands for. *Id.* Lt. Mitchell also notes that the two "civil rights" envelopes and "Board of Ethics" envelope were not identifiable as legal mail. *Id.* Lt. Mitchell instructs Abshire to unseal these items and remove "legal mail" from the envelope. She advises Abshire that he is allowed two personal items of mail per week. *Id.*

Warden Slay reviewed Abshire's administrative grievance and determined that Abshire was attempting to circumvent mail policy. ECF No. 1-2 at 6. According to Warden Slay, RLCC Policy #02-03-007 provides:

> Privileged correspondence: (includes mail to and from): Identifiable courts, Prosecuting Attorneys, Probation and Parole Officers, Pardon and Parole Board, State and local executive officers, Identifiable attorneys, Secretary, Deputy Secretary, Undersecretary, Assistant Secretary, Chief of Operations and other officials and administrators of grievance systems of the Department, Local, state or federal law enforcement agencies and officials.

ECF No. 1-2 at 6.

## II. Law and Analysis

### A. Abshire's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Abshire is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 4. As a prisoner seeking redress from an officer or employee of a governmental entity, Abshire's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).

Because he is proceeding *in forma pauperis*, Abshire's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B. <u>Abshire fails to state a First Amendment claim.</u>

Abshire does not explicitly allege the violation of his First Amendment rights. However, to the extent he attempts to state a claim for such a violation, the claim fails.

Prisoners have a First Amendment right to send mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). Because prisoners cannot be denied access to the courts, prison officials must provide stamps, at state expense, to indigent inmates for mailing legal documents. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977); *Mayfield v. Wilkinson*, 117 F. App'x 939, 940 (5th Cir. 2004). Prison officials nevertheless are permitted to recoup such expenses from funds deposited into the inmate's trust fund account. *Mayfield*, 117 F. App'x at 940 (citing *Guajardo v. Estelle*, 580 F.2d 748, 762-63 (5th Cir. 1978)). Thus, to the extent Abshire complains that he is entitled to free correspondence, his claim fails. *Id.*; *Walker v. Davis*, 533 F. App'x 471, 471 (5th Cir. 2013); *Hogan v. Peterson*, 12-901, 2013 WL 3833043, at *1 (W.D. Tex. Jul. 23, 2013).

Abshire maintains that his letters to the National Cancer Center, the National Institute of Health, the "Office of Civil Rights," the "Commission on Civil Rights," and the Louisiana Board of Ethics constitute "legal mail." But those entities are not listed

in RLCC's policy regarding privileged mail. ECF No. 1-2 at 6. The mail was not being sent to a court, attorney, or any law enforcement official.

Additionally, the First Amendment right to send and receive mail does not preclude prison officials from examining mail to ensure that it does not contain contraband or address illegal activity that may impact the security of the prison environment. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Prisoners have a right to be free from "arbitrary censorship" of outgoing mail. *Brewer* 3 F.3d at 826. However, "freedom from censorship . . . is not the equivalent of freedom from inspection or perusal." *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Thus, an inspection of outgoing mail, even legal mail, does not violate an inmate's constitutional rights. *See, e.g., Boydston v. Blankenship*, 2014 WL 2980760 (N.D. Tex. June 11, 2014) (and cases cited therein), *report and recommendation adopted*, 2014 WL 2980915 (N.D. Tex. July 2, 2014).

Therefore, to support a claim for a violation of First Amendment rights regarding mail, a prisoner must allege that his mail has been censored. *See Brewer*, 3 F.3d at 819 (allegation that mail was opened and inspected outside inmate's presence, without additional claim that such practice affected inmate's ability to transmit documents, or allegation that mail had been censored, did not state a cognizable claim). Abshire does not allege that his outgoing mail was censored, unsealed, or read by Defendants outside of his presence. In fact, it appears that the mail was returned to him unopened.

4

In his Amended Complaint (ECF No. 6), Abshire complains about a limit on the amount of indigent mail he is able to send on a weekly basis. However, the State has no obligation to provide unlimited free postage. *See Shirley v. Dretke*, No. 2:05-CV-41, 2005 WL 1639309 at *3 (N.D. Tex., July 8, 2005) (prisoner's First Amendment challenges to "the five-letter weekly limit for indigent legal mail and the postage charged to inmates" is frivolous because the "state, outside the sphere of access to courts, has no obligation to provide free postage to indigent inmates for any mail"); *McCubbins v. Richerson*, 2:19-CV-294, 2020 WL 1889010, at *3 (S.D. Tex. Feb. 3, 2020), *report and recommendation adopted*, 2020 WL 949241 (S.D. Tex. Feb. 27, 2020), *appeal dismissed*, 20-40189, 2020 WL 5413002 (5th Cir. Apr. 20, 2020).

Abshire has no right to send unlimited indigent mail. And he has not alleged that any Defendant or prison correspondence policy has restricted his ability to send legal mail or otherwise impacted his ability to access the courts.

C. <u>Abshire fails to provide any allegations to support a retaliation claim.</u>

Abshire claims that he is experiencing retaliation from Defendants Longino and Mitchell. ECF No. 1 at 4. Because he provided no facts to support that legal conclusion, Abshire was ordered to amend his Complaint to provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." ECF No. 5 (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). In his Amended Complaint, Abshire still failed to provide factual allegations to support his accusation. Instead, Abshire claimed that he needs the Court's assistance in obtaining documentary proof through a subpoena to a non-party. ECF No. 6. Abshire's request was denied. ECF No. 7.

5

Abshire was specifically instructed to allege more than his personal belief that he is the victim of retaliation. ECF No. 5 (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). He was also ordered to either "produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" ECF No. 5 (citing *Jones v. Greniger*, 188 F.3d 322, 325 (5th Cir. 1999)). Thus, Abshire was required to provide facts and a chronology of events, not documentary evidence, of his retaliation claim. Abshire failed to allege any facts to support his claim.

### III. Conclusion

Because Abshire fails to state a claim for the violation of his constitutional rights, his Complaint and Amended Complaint (ECF Nos. 1, 6) should be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, February 1, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7